UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80162-MIDDLEBROOKS

LU TAGIAFERRI,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC.,

    Defendant.
_____/

## ORDER GRANTING UNOPPOSED MOTION TO STAY

THIS CAUSE is before the Court upon Defendant's Unopposed Motion to Stay (DE 3), filed on February 9, 2022. Defendant seeks a stay of this matter pending the Eleventh Circuit Court of Appeals' *en banc* decision in *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434. In support, Defendant represents that Plaintiff has alleged claims based on the Eleventh Circuit's decision in *Hunstein* and that if *Hunstein* is no longer viable, Plaintiff's claims will not survive. (DE 3 at 1–2).

"[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances." *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). "[A]wait[ing] a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good [reason], if not an excellent one" to stay an action. *Miccosukee Tribe of Indians of Florida v. S. Florida Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

Based on the representations contained in Defendant's Motion and my review of the record and pertinent law, I am satisfied that the outcome of *Hunstein* will be relevant, perhaps even controlling, to the resolution of this case and, thus, that a stay is warranted. If the Eleventh Circuit decides that there is no standing for a *Hunstein*-type claim, this Court will not have subject matter jurisdiction over this case and dismissal will be warranted. In addition, as the Eleventh Circuit only recently voted to hear *Hunstein en banc*, I further find that it is appropriate to administratively close this case while it is stayed.

Accordingly, pursuant to this Court's inherent power to stay proceedings in one suit pending the decision in another involving identical or substantially similar issues, *see Landis v. North Am. Co.,* 299 U.S. 248 (1936), it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Unopposed Motion to Stay (DE 3) is **GRANTED**.
2. The Clerk of Court shall **ADMINISTRATIVELY CLOSE THIS CASE**.
3. All pending Motions are **DENIED AS MOOT**, subject to being renewed, if any party deems it necessary, after the stay is lifted.
4. The stay shall be lifted and this case shall be restored to the active docket upon the motion of either Party after the Eleventh Circuit has reached a decision in *Hunstein v. Preferred Collection and Mgmt. Servs., Inc*. The Parties shall file a Motion to Lift Stay as soon as possible after the *Hunstein* decision is rendered, but in no case more than two weeks after the mandate issues. At that point, a new trial date will be set.

**SIGNED** in Chambers at West Palm Beach, Florida on this 11th day of February, 2022.

Donald M. Middlebrooks
United States District Judge